IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

IN RE:

DAVID KISSI,
    Debtor-Appellant

v.

JOEL GOLDBERGER
    Trustee-Appellee

Bankruptcy Case No. 01-6-1298-SD

Civil No. L-01-4199

## ORDER

This is an appeal of proceedings in bankruptcy before the Honorable E. Stephen Derby. In an order dated October 31, 2001, the bankruptcy court dismissed Appellant David Kissi's Chapter 13 petition. For the reasons stated below, the Court AFFIRMS the bankruptcy court's decision.

**I.  Background**

On August 30, 2001, the Chapter 13 Trustee, Joel Goldberger, moved to dismiss Kissi's Chapter 13 petition because Kissi had failed to attend a scheduled meeting of creditors. On October 29, 2001, the bankruptcy court held a hearing on the motion. Based on evidence and argument presented by both sides, Judge Derby concluded (i) that Kissi had failed to show adequate cause for his failure to attend the creditor's meeting and (ii) that Kissi had failed to make any of the Chapter 13 plan payments which had come due. Accordingly, the bankruptcy court dismissed Kissi's case pursuant to 11 U.S.C. § 1307(c).

On December 31, 2001, Kissi filed notice of his appeal with this Court. In support of his claim that his Chapter 13 petition should not have been dismissed, Kissi advances two arguments: (i) the grounds for dismissal were in error; and (ii) the bankruptcy judge should have



removed himself from Kissi's Chapter 13 proceedings.

**II.     Standard of Review**

The bankruptcy court's decision to dismiss Kissi's Chapter 13 petition is reviewed for abuse of discretion. See Howard v. Lexington Investments, Inc., 284 F.3d 320, 322 (5th Cir. 2002).

**III.    Analysis**

Chapter 13 of the Bankruptcy Code allows debtors to keep their property in return for an agreement to pay the trustee their income above a court-approved limit. This limit and the schedule for payments are detailed in a Chapter 13 plan. The debtor must make timely payments, and failure to do so is grounds for dismissal of his Chapter 13 petition and the bankruptcy protection which it provides. 11 U.S.C.A. § 1307(c) (West 1993). Further, upon the motion of an interested party, courts of appeals have held that a bankruptcy court may consider grounds other than those specified in the bankruptcy code. See, e.g., In re Lilley, 91 F.3d 491, 494 (3d Cir. 1996).

Kissi has advanced no basis upon which this Court could conclude that Judge Derby's dismissal of his Chapter 13 petition was an abuse of discretion. Kissi does not dispute that he failed to make the payments specified under his Chapter 13 plan. Rather, because his attempts to amend the plan went unanswered by Trustee Goldberger, Kissi argues that his failure to submit payments was justified.

The Court disagrees. Kissi's attempts to alter a payment plan do not discharge his obligation to begin making timely payments. Because Kissi failed to make any payments under his Chapter 13 plan, Judge Derby was perfectly within his discretion to dismiss Kissi's bankruptcy petition. While this Court has no reason to doubt Judge Derby's seasoned

determination that Kissi's failure to attend a creditor's meeting was also cause for dismissal, it is unnecessary to consider this additional reason because, under the statute, failure to make payments is alone sufficient.

Regarding Kissi's claim that Judge Derby should have recused himself, Kissi contends that Judge Derby had made "prejudicial errors" in other proceedings that disqualified him from hearing the Trustee's motion to dismiss. Kissi's evidence consists of (i) one page of unidentified trial transcript and (ii) a letter he wrote to the Chief Judge of the U.S. Bankruptcy Court for the District of Maryland in which Kissi relates his suspicions regarding Judge Derby's impartiality.

Kissi's evidence falls far short of showing actual bias. Notwithstanding that actual bias must be proved by compelling evidence, Brokaw v. Mercer County, 235 F.3d 1000, 1025 (7th Cir. 2000), there is nothing to suggest that Kissi received anything less than Judge Derby's patient and objective consideration.

## IV.   Conclusion

Accordingly, the Court AFFIRMS the bankruptcy court's ruling.

It is so ORDERED this 29TH day of September, 2002.

Benson Everett Legg
United States District Judge